**Gerridine TOLIVER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 2564cv.**

Court of Appeals of Texas,
Corpus Christi.

June 24, 1982.

Robert Vargas, Robstown, for appellant.

Carlos Valdez, Asst. County Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from an order committing the appellant, Gerridine Toliver, as a patient for observation and/or treatment in the San Antonio State Hospital. Tex. Rev. Civ. Stat. Ann. art. 5547–38 (Vernon 1958). The commitment order was granted upon the application of Shirley Jean Matthews.

In her first point of error, the appellant contends that the trial court committed reversible error by refusing to recess the hearing until the appellant could be present during the direct and cross-examination of Shirley Jean Matthews. We agree.

The record reflects that after the psychiatrist appointed by the court to examine the appellant completed his testimony, the

court called a recess. During the recess an altercation between the appellant and Shirley Jean Matthews occurred. When the hearing resumed, the following transpired:

"THE COURT: All right, I'm ready to go. Mr. Vargas, please press on.

Let's continue now with the case of Mrs. Toliver. Mrs. Toliver is not present in Court. During the recess there was apparently an altercation within the hearing of the Court, but out of the Court's view. That is to say, the Judge was in the hall and heard an altercation. I would like to have the record reflect why Mrs. Toliver is not here. The reason she's not here is I ordered her to be taken upstairs to the · Seventh floor and restrained. I intend to proceed with this hearing without her being present. I gather from what I heard that the altercation was with the Witness Matthews and Mrs. Toliver, and I think everyone in the Court room at this time was present, is that correct, during the—

MR. VALDEZ: [State's attorney] Yes, sir.

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: I'm going to order that this proceeding continue, then, without Ms. Toliver being present. I think the Doctor a moment ago indicated that this sort of behavior was one of the symptoms that he had observed or that he was aware of when he arrived at his diagnosis and I don't think having Mrs. Toliver would serve any purpose other than perhaps be the cause of another assault in this Court room and we cannot have a proceeding in that situation, with that situation. Mr. Vargas, I'll hear your objections before—I'm sorry, Mr.—yes, Mr. Vargas, I'll hear your objections to proceeding without the Patient, if you wish to make some.

MR. VARGAS: Yes, sir, I would like to make a motion to perhaps recess this to, for another week, perhaps, I think Mrs. Toliver's presence is necessary.

THE COURT: All right. Thank you, I'm going to overrule the objection, now, in the sense that I'm going to go ahead and take the testimony of Mrs. Matthews this morning. I may thereafter reset the matter but we'll see, because I do want Mrs. Toliver to have the opportunity to be heard here . . . I don't think that either Mrs. Toliver's interests or those of the community would be served by having her present during Mrs. Matthews' testimony. She may obtain at the County's expense a copy of Mrs. Matthews' testimony and I realize you're going to be at something of a disadvantage on cross-examination without Mrs. Toliver here, but again, based on my observation now I don't think that will serve any purpose to have her here. If you wish to recall Mrs. Matthews at a later time, that is to say, if it's determined by me, we may continue the proceedings and you may recall for purposes of cross after you have looked at the transcript of the testimony with Mrs. Toliver."

Immediately after the court made the above rulings, Shirley Jean Matthews testified. At the conclusion of her testimony, the appellant was returned to the courtroom where she testified without incident. At the conclusion of her testimony, the court ordered the appellant committed to the San Antonio State Hospital.

■ The Texas Mental Health Code provides, in pertinent part:

"The proposed patient is not required to be present at the hearing, *but he shall not be denied the right to be present.*" (Emphasis added) Tex. Rev. Civ. Stat. Ann. art. 5547–36(b) (Vernon Supp. 1982).

In addition to this statutory requirement, an involuntary commitment requires due process protections, *Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323 (1979), which includes the right of the proposed patient to be present and to be confronted with the witnesses against him. *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967).

■ The State contends that the appellant's actions during the recess justified the court's action, citing *Kimithi v. State,* 546 S.W.2d 323 (Tex.Cr.App.1977). We have

examined *Kimithi* and find it unpersuasive. The appellant in that case repeatedly disrupted the trial while it was in progress. The appellant in the instant case was excluded from the courtroom because of her actions while the court was in recess.

The State also relies on *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, wherein the court held:

"It is essential to the proper administration of criminal justice that dignity, order and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly."

The court in the instant case resorted to none of the methods suggested by the Supreme Court in *Allen.* Rather, the court simply barred the appellant from the courtroom while a key witness was testifying. Further, there is nothing in the record indicating that the appellant engaged in disruptive behavior while the hearing was in progress. The court merely assumed that based upon the appellant's conduct during the recess, she would become unruly and disruptive when the hearing was resumed.

In view of the above mentioned statutory and constitutional requirements, we hold that the trial court committed reversible error by proceeding in the appellant's involuntary absence. A contrary holding would permit the exclusion of proposed patients from involuntary commitment hearing not because of their prior disruptive behavior during a recess, but because of the trial court's *speculation* that they *will be* disruptive when the hearing is resumed. This cannot be permitted.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.